UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL GOUIN,

    Plaintiff,

    v.

CLALLAM COUNTY; DAVE MEYER and PILI MEYER, and the marital community comprised thereof; and MARJORIE UPHAM, and the community comprised thereof,

    Defendant.

Case No. C06-5247 FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF'S COMPLAINT

This matter comes before the Court on Defendants' Motion for Summary Judgment seeking dismissal of Plaintiff's claims for employment discrimination and wrongful termination of employment. Defendants assert that Plaintiff's claims are barred by the statute of limitations. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion of the Defendants and dismisses Plaintiff's case for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

Plaintiff Daniel Gouin was employed by Clallam County in its Information Technology Department as a Programmer Analyst II. During the County's fiscal years 2001 - 2003, the County

ORDER - 1

was subject to a fiscal restraints due to loss of funding. The County considered and made various staffing reductions, especially in the middle management positions of the various departments. The termination of Plaintiff's employment is purported to be one of these reductions.

On October 24, 2002, the County Administrator advised Mr. Gouin by letter of his recommendation for layoff as part of the countywide reduction in force. The final decision on the recommendation for this action to be determined by the County Board as part of the budget adoption. As a part of this recommendation, Mr. Gouin was placed on paid administrative leave effective immediately and continuing until December 31, 2002. Plaintiff was also notified of his rights pursuant to the union contract to elect either a severance or recall. On October 29, 2002, Mr. Gouin responded to the notification by indicating that in the event that the position of Programmer Analyst II is eliminated, as recommended, he would opt for severance, rather than recall.

By letter dated December 17, 2002, the County "officially notified" Daniel Gouin "that the position of Programmer Analyst II has been eliminated as of December 31, 2002. The position is being eliminated as part of a countywide reduction in force caused by declining revenues."

Mr. Gouin responded to the notification of termination on December 20, 2002, by letter from his attorney, Michael Danko, providing "notice of legal representation [of Mr. Gouin] and his grievance regarding his termination of employment as stated in the letter of October 24, 2002, and reiterated in the letter of December 17, 2002." The letter from Mr. Gouin's counsel stated that "Mr. Gouin contends that the County's stated basis for the termination is pretexual, and is in fact a continuation of the harassment and discrimination to which he has been subjected for the last several years, and for which he filed a complaint with EEOC."

Plaintiff's employment with the County ended on December 31, 2002. On June 3, 2003, the EEOC notified Mr. Gouin of the dismissal of his complaint. The notification stated that the EEOC investigation failed to find any violation of federal law as alleged in his complaint. Mr. Gouin was provided notification of his right to file a lawsuit within 90 days of receipt of the notice of dismissal.

ORDER - 2

1   Mr. Gouin did not file a lawsuit concerning the allegations of his pre-termination complaint.

2       Plaintiff Daniel Gouin filed a tort claim on December 23, 2005, against Clallam County and
3   the individually named defendants claiming he was wrongfully discharged, discriminated against by
4   virtue of his age, religious beliefs, and disabilities, and that his civil rights were violated. On
5   February 22, 2006, Plaintiff filed his complaint in Clallam County Superior Court.

6       Defendants move to dismiss the lawsuit as being barred by the statute of limitations.

## SUMMARY JUDGMENT STANDARD

8   The purpose of summary judgment is to identify and dispose of factually unsupported claims
9   and defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary
10  judgment, the court is constrained to draw all inferences from the admissible evidence in the light
11  most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir.
12  2000). Summary judgment is appropriate where there is no genuine issue of material fact and the
13  moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party
14  bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp.
15  v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party
16  must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio
17  Corp., 475 U.S. 574, 586-87 (1986). A dispute as to a material fact is "genuine" if there is sufficient
18  evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty
19  Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party must present significant and probative
20  evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
21  1551, 1558 (9th Cir. 1991). Affidavits made on personal knowledge and setting forth facts as would
22  be admissible at trial are evidence that a court may consider when determining whether a material
23  issue of fact exists. Fed. R. Civ. P. 56(e). Legal memoranda and oral argument are not evidence and
24  do not create issues of fact. See British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).
25  Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material

ORDER - 3

fact. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). The nonmoving party must instead set forth "significant probative evidence" in support. T.W. Elec. Serv., at 630. Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.

## STATUTE OF LIMITATIONS

The parties are in apparent agreement that Plaintiff's claims are subject to a 3-year statute of limitations.[1] The dispute concerns the date Plaintiff's causes of action accrued. Plaintiff argues the proper date is the date of actual termination of employment, December 31, 2002. Thus, the filing of the tort claim with the County on December 23, 2005, would comply with the 3-year limitations period.[2] Defendants contend that the Plaintiff received sufficient notice of his termination on October 24, 2002, or at the latest, on December 20, 2002. Thus the statue of limitations would bar Plaintiff's suit, it being filed more than three years subsequent to December 20, 2002.

The period in which a claim for wrongful discharge may be brought begins to run once the employee is notified of her termination. Eisenberg v. Insurance Co. of North America, 815 F.2d 1285, 1291 (9th Cir. 1987); Daniels v. Fesco Div. of Cities Services Co., 733 F.2d 622, 623 (9th Cir. 1984); Delaware State College v. Ricks, 449 U.S. 250 (1980). The cause of action accrues and the statute of limitations commences to run, upon notice to the employee of the decision to terminate,

---

[1] In Washington, claims under 42 U.S.C §1983 must be filed within three years. Rose v. Rinaldi, 654 F.2d 546, 547 (9th Cir. 1981). Claims for wrongful discharge are subject to the 3-year statute of limitations under RCW 4.16.080. Douchette v. Bethel School Dist. No. 403, 117 Wn.2d 805, 809 nt.1 (1991). The statute of limitations for actions involving discrimination under RCW 49.60.180 is 3 years. Nearing v. Golden State Foods Corp., 114 Wn.2d 817, 820 (1990). Claims based on the Age Discrimination in Employment Act of 1967 (ADEA) must be commenced within 2 years, except that claims for willful violations may be commenced within 3 years. 29 U.S.C. § 626(e), § 255. Douchette, at 809-10.

[2] The statute of limitations is tolled for the 60-day waiting period immediately after filing a tort claim with the County. See, RCW 4.96.020(4).

ORDER - 4

even though the employee continues to work for the employer after receipt of the notice. <u>Daniels</u>, at 623. The United States Supreme Court established in <u>Delaware State Coll. v. Ricks</u>, 449 U.S. 250, 258 (1980) and <u>Chardon v. Fernandez</u>, 454 U.S. 6, 8 (1981) that a cause of action accrues when the operative decision is made, not when the decision is carried out. In <u>Ricks</u>, the trustees of a college denied tenure to plaintiff, a professor, but they offered him a "terminal" contract to teach one additional year. Ricks sued, claiming that his denial of tenure was discriminatory. The Court held that the limitations period commenced when the tenure decision was made and Ricks was notified, not when the employment ended. <u>Ricks</u>. at 258. Similarly, in <u>Chardon</u>, a § 1983 case, the Court concluded that the statute of limitations began to run when plaintiffs, several non-tenured administrators, were given notice of termination, not on the date their employment terminated. <u>Chardon</u>, at 8. See also, <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1058-1061 (9th Cir. 2002). Thus, claims for employment discrimination premised on wrongful termination accrue when notice of termination is communicated to the employee. Mere continuity of employment, without more, is insufficient to prolong the cause of action for employment discrimination or wrongful discharge. See, <u>Douchette v. Bethel School Dist. No. 403</u>, 117 Wn.2d 805, 816 (1991).

The Court finds it unnecessary to determine whether the statute of limitations runs from the October 25, 2002, letter notifying Mr. Gouin of the recommendation of termination. Even assuming the October notification to be equivocal, it is without question that Plaintiff received notification of the termination of his employment no later than December 20, 2002. This notice was unequivocal notification of termination. Plaintiff admits he received this letter that "officially" notified him his position would be eliminated effective December 31, 2002. The responding letter from Mr. Gouin's counsel demonstrates that his receipt of this notification occurred no later than December 20, 2002.

Thus, Plaintiff's causes of action for wrongful termination accrued no later than December 20, 2002. Plaintiff's lawsuit is time-barred as it was filed more than three years after December 20, 2002.

ORDER - 5

## EQUITABLE AND STATUTORY TOLLING

Plaintiff seeks to avoid the time bar through application of statutory or equitable tolling.

Plaintiff seeks application of RCW 4.16.190 which provides tolling of the statute of limitations during disability or incompetence. RCW 4.16.190 applies if a claimant is "at the time the cause of action accrued" incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings. Id. The party asserting he is entitled to tolling of the statute of limitations bears the burden of proof. Rivas v. Eastside Radiology Associates, 134 Wn.App. 921, 927 (2006). The plaintiff must show that a guardianship would have been appropriate had one been sought when the cause of action accrued, and the court must look back to determine whether, at the time the cause of action accrued, the plaintiff was incapacitated to the degree necessary to permit appointment of a guardian. Rivas, at 928.

Plaintiff has offered no medical evidence that he was so incapacitated at the time the cause of action accrued that he was not able to understand the nature of his wrongful termination proceeding and or that he should have had a guardian appointed to act on his behalf. To the contrary, Plaintiff Gouin immediately responded to his termination notice through his attorney, asserting that stated basis for his termination was pretexual and in fact a continuation of the harassment he complained of in a previously filed EEOC complaint. This, and other uncontroverted evidence of Mr. Gouin's interaction with the County subsequent to the notice of termination, leaves the Court but one conclusion, that Plaintiff is not entitled to the tolling provisions of RCW 4.16.190.

The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where he had neither actual nor constructive notice of the filing period." Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997). If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs. Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).

ORDER - 6

Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of her claim. Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). The doctrine excuses a plaintiff's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period. Leorna, at 551; Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir. 1987). Equitable tolling is not appropriate and the time period for filing begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights. Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir. 1985). Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is "not available to avoid the consequences of one's own negligence." Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998).

Equitable tolling is not appropriate in this action as Plaintiff has not alleged facts sufficient to establish an equitable basis for tolling the time limitations for presenting his claim. Prior to his receipt of the notice of termination, Mr. Gouin had filed a discrimination complaint with the EEOC. Upon receipt of the December 19, 2002, notice of termination, Plaintiff immediately responded through counsel with the assertion that his termination was pretexual and in fact a continuation of the previous discrimination complained of in the EEOC filing. Despite this knowledge Plaintiff waited more than three years before commencing his lawsuit. Equitable tolling is not justified.

**CONCLUSION**

For the reasons set forth above, Defendants are entitled to summary judgment of dismissal of Plaintiff's claims in their entirety.

ACCORDINGLY,

IT IS ORDERED:

Defendants' Motion for Summary Judgment [Dkt. #23] is GRANTED, and this case dismissed in its entirety.

ORDER - 7

1    DATED this 13th day of July, 2007.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8