UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL GOUIN,

    Plaintiff,

v.

CLALLAM COUNTY; DAVE MEYER and PILI MEYER, and the marital community comprised thereof; and MARJORIE UPHAM, and the community comprised thereof,

    Defendants.

Case No. C06-5247 FDB

ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS

    This matter comes before the Court on Defendants' Motion for Attorney Fees and Costs. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed, and for the reasons stated below, hereby denies the motion for an award of fees and costs.

**INTRODUCTION AND BACKGROUND**

    In this employment action for wrongful discharge, this Court granted Defendants' motion for summary judgment, finding Plaintiff's claims barred by the applicable three-year statutes of limitation. Plaintiff commenced this action on December 23, 2005. This was within three years of

ORDER - 1

the actual date of his termination of employment, December 31, 2002.  However, Plaintiff's cause of action accrued and the statute of limitations commenced to run, at the latest, on December 20, 2002 when he received notice that his position would be eliminated effective December 31, 2002.  Having failed to timely file the action, Plaintiff sought to have the statute of limitations equitably or statutorily tolled due to incapacity.  The Court held Plaintiff failed to raise a genuine issue of fact that would support application of either of these tolling provisions, and dismissed the action.

## PROVISION FOR AN AWARD OF ATTORNEY FEES

The Defendants assert that Plaintiff's claims were frivolous, unreasonable, or without foundation, because he pursued a claim that was barred by the statutes of limitation, and thus, they are entitled to an award of attorney fees.[1]  A prevailing defendant in a 42 U.S.C. § 1983 suit should be awarded attorney fees only when the action is "unreasonable, frivolous, merciless, or vexatious." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994).  RCW 4.84.185 allows an award of fees where the action is "frivolous and advanced without reasonable cause."  28 U.S.C. 1927 provides for an assessment of attorney fees against a plaintiff who maintains a case in federal court after realizing it has no merit.

An award of fees to a prevailing defendant is unusual because the policy reasons behind the award of fees to a prevailing plaintiff are not present when a defendant prevails.  In Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), the Supreme Court held that a defendant in an action under Title VII can recover attorney's fees against the plaintiff only where the action is found to be "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  The Supreme Court provided the following caveat:

---

[1] Defendants cite 42 U.S.C. §2000e-5(k); 28 U.S.C. §1927, 42 U.S.C. §1983, and RCW 4.84.185 as a basis for an award of attorney fees.  It appears that 42 U.S.C. §2000e-5(k) is inapplicable as Plaintiff did not file a Title VII claim to which this provision applies.  Nonetheless, all of the cited provisions providing for an award of fees, provide that they may be awarded at the court's discretion where the claim is frivolous, unreasonable, groundless or without foundation.

ORDER - 2

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset a party may have an entirely reasonable ground for bringing suit.

Christiansburg, at 421-22. In Hughes v. Rowe, 449 U.S. 5, 14 (1980), the Supreme Court extended Christianburg 's standard to civil rights actions brought under § 1983, finding that defendants may recover attorney's fees against the plaintiff only if the "action is meritless in the sense that it is groundless or without foundation."  See also Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994).  The Ninth Circuit has further held that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." Brooks v. Cook, 938 F.2d 1048, 1055 (9th Cir. 1991); Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990).

In this case, although the Court has granted the motion to dismiss, Plaintiff's claim appears to have been made with the genuine belief that it raised viable claims for redress of discrimination and wrongful discharge. The Court, while not deciding the merits of Plaintiff's allegations, determined that the claims were time barred.  The Court does not conclude, however, that pursuing the claims was frivolous or unreasonable.  Despite Defendants' arguments, the Court is unwilling to find that Plaintiff's action was frivolous, unreasonable, or without foundation. Plaintiff was an employee of Defendants who felt that he was discriminated against.  Plaintiff was not overly vexatious to the Defendants and did not repeatedly bring a claim that was previously found to be frivolous.  Rather, Plaintiff, proceeding *pro se,* initially attempted to obtain relief through the EEOC for the perceived harassment and then commenced this suit *pro se* for wrongful termination before enlisting the

ORDER - 3

services of counsel.[2] The Court may consider a plaintiff's pro se status when determining whether an award of attorney's fees is proper. See <u>Miller v. Los Angeles Count Bd. of Educ.</u>, 827 F.2d 617, 620 (9th Cir. 1987). Attorney's fees may be appropriate where a pro se plaintiff continues to bring claims that were previously found to be frivolous, but absent such extreme conduct, courts are less likely to award attorney's fees against a pro se plaintiff who may not be able to recognize what constitutes a frivolous complaint. <u>Id</u>.

Though summary judgment was granted in favor of Defendants, Plaintiff's claim was not frivolous, unreasonable, or advanced without reasonable cause. Defendants are not entitled to an award of attorney fees and costs under either federal or state statutory law.[3]

ACCORDINGLY;

IT IS ORDERED:

Defendants' Motion for Attorney Fees and Costs [Dkt. #42] is **DENIED**.

DATED this 9th day of August, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[2]Counsel assisted Plaintiff with discovery and attempted to effectuate a settlement.

[3]Defendants' request for an award of statutorily authorized costs is denied on the same basis as the attorney fees request. The Clerk may award appropriate costs pursuant to Fed. R. Civ. P. 54(1)

ORDER - 4